Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5446 | **DATE** | 8/25/2011 |
| **CASE TITLE** | Bartl vs. American Security Services et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants Bartl's Motion to Proceed *In Forma Pauperis* and denies his Motion for Appointment of Counsel.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Eric Bartl ("Bartl") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, the Court grants Bartl's Motion to Proceed *In Forma Pauperis* and denies his Motion for Appointment of Counsel.

Bartl's Complaint alleges that an off duty police officer working as a security guard at Menards violated his Fourth Amendment rights by illegally searching and seizing him while he was shopping at Menards. On his way out of the store, the security guard, who allegedly told Bartl that "I am the police," stopped him for no apparent reason and searched through his personal belongings. This caused Bartl to suffer emotional distress.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Bartl to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Bartl need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id*. According to his financial affidavit, Bartl recently became unemployed in late July 2011 and in his previous job he earned about $3,000 a month. Bartl does not have $200 in cash or in a savings or checking account, and does not own any items of personal property worth over $1,000. Bartl's financial affidavit sets forth his inability to pay mandated court fees.

The Court also looks beyond Bartl's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Bartl alleges that the security guard violated his Fourth Amendment rights. While the Fourth Amendment does not cover the conduct of private actors, his allegations suggest that the security

| STATEMENT |
|---|

guard, who was an off duty police officer, held himself out as a police officer. *U.S. v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997) ("A search or seizure by a private party does not implicate the Fourth Amendment."); *see, e.g., McCloughan v. City of Springfield*, 172 F. Supp. 2d 1009, 1017 (C.D. Ill. 2001) (noting that an off-duty police officer identifying himself as a police officer could lead a reasonable jury to conclude he was acting under color of state law). As a result, Bartl's Complaint is properly before the Court.

Bartl has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The Court considers whether Bartl has made attempts to secure counsel himself, which he has, and then examines "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims [him]self." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Bartl is a college graduate and was able to clearly articulate his claims in his Complaint. Moreover, the nature of this case is fairly straightforward and he is competent to represent himself. The Motion for Appointment of Counsel is therefore denied.

For the reasons stated, the Court grants Bartl's Motion to Proceed *In Forma Pauperis* and denies his Motion for Appointment of Counsel.